IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
RICARDO RODRIGUEZ,             )
                               )
          Plaintiff,           )
                               )
     v.                        )           1:25CV108
                               )
ALSCO UNIFORMS,                )
                               )
          Defendant.           )
```

## MEMORANDUM ORDER

This is a civil rights and employment discrimination dispute. Before the court is the motion of Defendant Alsco, Inc. (denominated in the complaint as Alsco Uniforms) ("Alsco") to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 9.) Plaintiff Ricardo Rodriguez has filed a response in opposition (Doc. 13), and Alsco filed a reply. (Doc. 14.) For the reasons set forth below, the motion to dismiss will be granted and the amended complaint will be dismissed.

### I.   BACKGROUND

On February 14, 2025, Rodriguez filed his complaint pro se, alleging "Discrimination and Judgement of caracter" by his previous employer, Alsco. (Doc. 2 at 3.) He described his statement of claim simply as: "It was a Rush to judgement in there part . . . Since this happen to me I have lost everything and mental." (Id. at 4-5.) He attached a right to sue letter from the Equal Employment Opportunity Commission dated November 19,

2024.  (Id. at 6.)

Because Rodriguez was seeking to proceed in forma pauperis, the U.S. Magistrate Judge issued instructions to him that he refile his complaint by March 17, 2025, using the appropriate form so that the complaint properly conveyed his claims and their factual basis.  (Text Order dated Feb. 24, 2025.)  The Magistrate Judge further advised that "Plaintiff should complete the form[] in its entirety, including the section in the complaint setting out the statement of his claims (Section III)."  (Id.)

On March 17, 2025, Rodriguez filed his amended complaint with the appropriate form, claiming jurisdiction based on Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967.  (Doc. 4 at 3.)  He also checked the boxes that noted "termination of my employment" and "retaliation."  (Id. at 4.)  He further checked the boxes claiming he was discriminated against based on race (Hispanic), gender/sex (male), and age (noting he was born in 1970).  (Id.)  He did not check the box alleging he was discriminated against based on his religion, but he did state that he is a Jehovah's Witness.  (Id.)  However, he provided absolutely no other information in Section III, which directed him as follows:

> Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the

2

plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

(Id.) That same date, Rodriguez also paid the filing fee, thus mooting his request to proceed in forma pauperis.

On April 22, 2025, Alsco moved to dismiss the amended complaint, noting the thread-bare nature of Rodriguez's allegations and his failure to follow the court's instructions. (Docs. 9, 10.)

The following day, the court issued Rodriguez a Roseboro letter,[1] informing him of Alsco's motion to dismiss and his right to file a timely response containing "a concise statement of reasons for [his] opposition and a citation of authorities upon which [he would] rely." (Doc. 11 at 1.) The letter advised Rodriguez:

> Your failure to respond or, if appropriate, to file affidavits or evidence in rebuttal within the allowed time may cause the court to conclude that the defendant's contentions are undisputed and/or that you no longer wish to pursue the matter. Therefore, unless you file a response in opposition to the defendant's motion, it is likely your case will be dismissed or summary judgment granted in favor of the defendant.

(Id.)

On May 13, 2025, Rodriguez filed a response that provided a

---

[1] See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam).

3

rambling and incoherent statement, none of which addressed the sufficiency of his amended pleading. (Doc. 13.) Rather, his response makes general reference to libel, slander, and mental stress. (Id. at 5, 7.)

**II. ANALYSIS**

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion to dismiss is meant to "test[] the sufficiency of a complaint" and not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In considering a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted), and all reasonable inferences must be drawn in the non-moving party's favor. Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997) (citation omitted).

However, the court "need not accept as true unwarranted

4

inferences, unreasonable conclusions, or arguments." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (internal quotation mark omitted). Rule 12(b)(6) protects against meritless litigation by requiring sufficient factual allegations "to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555, so as to "nudge[] the[] claims across the line from conceivable to plausible." Id. at 570. Thus, mere legal conclusions should not be accepted as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

Because Rodriguez appears pro se, his pleadings "should not be scrutinized with such technical nicety that a meritorious claim should be defeated." Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, the liberal construction of a pro se party's filing does not require the court to ignore clear defects in it, Bustos v. Chamberlain, No. 3:09-1760, 2009 WL 2782238, at *2 (D.S.C. Aug. 27, 2009), or to become an advocate for the pro se party. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990); see also Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (noting that "[d]istrict judges are not mind readers"). Moreover, it is not the court's duty to "scour the record to locate uncited evidentiary support for a party's factual assertions." Seaman v. Duke Univ., No. 1:15-CV-462, 2018 WL

5

10446957, at *1 (M.D.N.C. June 6, 2018) (citations omitted). Crucially, a plaintiff's claim must still abide by the legal standards and rules of procedure. DeWitt v. Hutchins, 309 F. Supp. 2d 743, 749 (M.D.N.C. 2004).

Alsco contends that Rodriquez's amended complaint should be dismissed because it lacks any factual allegation to support any claim under Title VII, ADEA, or state law. To state a claim for discrimination under Title VII, one must plausibly allege "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010). To state a claim under the ADEA, one must plausibly allege that he is over the age of 40 and experienced discrimination by an employer because of his age. Laber v. Harvey, 438 F.3d 404, 430 (4th Cir. 2006). To survive a motion to dismiss for failure to state these employment claims, Rodriguez must "allege facts to satisfy the elements of a cause of action" created by the statute. McCleary-Evans v. Md. Dep't of Transp., 780 F.3d 582, 585 (4th Cir. 2015); accord Woods v. City of Greensboro, 855 F.3d 639, 648 (4th Cir. 2017). But he need not plead facts sufficient to establish a prima facie case. McCleary-Evans, 780 F.3d at 585.

Here, Rodriguez's amended complaint lacks any factual support to make any claim plausible. It is simply devoid of facts. In

6

fact, to the contrary, he attached a copy of an employee disciplinary notice which indicates that he was discharged for engaging in sexual harassment against a pedestrian while on the job and that he "gave her the middle finger after she said stop." (Doc. 13 at 1.) And while he cannot amend his pleading with his briefs, S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC, 713 F.3d 175, 184 (4th Cir. 2013), even his response in opposition fails to provide any factual information that render a claim plausible. Moreover, his fleeting references to "libel," "slander," and "mental stress" are insufficient to state a plausible claim.

## III. CONCLUSION

For the reasons stated, therefore,

IT IS ORDERED that Alsco's motion to dismiss (Doc. 9) is GRANTED, and the complaint is DISMISSED WITHOUT PREJUDICE.

June 23, 2025

/s/ Thomas D. Schroeder
United States District Judge

7